IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | No. 3:18-cv-01762-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| MOTHER EARTH SCHOOL; BRICE LEMKE, guardian *ad litem* for B.L.; MICHELLE MOORE, guardian *ad litem* for S.M. 1 and S.M. 2; JOHN AND JANE DOES 1 through 25, | |
| Defendants. | |

Thomas Lether
Eric J. Neal
Lether and Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, WA 98109

    Attorneys for Plaintiff

Randall Vogt
Barbara C. Long
Vogt & Long PC
1314 NW Irving St., Suite 207
Portland, OR 97209

1- OPINION & ORDER

Robert E.L. Bonaparte
Shenker & Bonaparte, LLP
1500 SW First Ave, Suite 765
Portland, OR 97201

    Attorneys for Defendant Brice Lemke

Gilion C. Dumas
Ashley L. Vaughn
Dumas Law Group, LLC
3835 SE Hancock St., Suite GL-B
Portland, OR 97212

    Attorneys for Defendant Michelle Moore

Scott T. Schauermann
Hitt Hiller Monfils Williams LLP
411 SW 2nd Ave, Suite 400
Portland, OR 97204

    Attorney for Defendant Mother Earth School

HERNÁNDEZ, District Judge:

Before the Court is Plaintiff United States Fire Insurance Company's motion for summary judgment. For the reasons that follow, the motion is DENIED.

## BACKGROUND

Defendant Mother Earth School was an outdoor pre-school and elementary school in Multnomah County, Oregon. Postlewaite Decl. Ex. 2 ¶ 2, ECF 47-1. Defendants B.L., S.M. 1, and S.M. 2 were students at the Mother Earth School. *Id.* ¶ 4; Postlewaite Decl. Ex. 3 ¶ 6. In June 2018, Defendant Lemke, as guardian *ad litem* for B.L., filed suit against Defendant Mother Earth School in state court, alleging that B.L. was the victim of sexual and non-sexual misconduct at the Mother Earth School. Postlewaite Decl. Ex. 1. In March 2019, Defendant Moore, as guardian *ad litem* for S.M. 1 and 2, filed suit against the Mother Earth School in state court, alleging that

S.M. 1 and 2 were also victims of sexual and non-sexual misconduct at the Mother Earth School. Postlewaite Decl. Ex. 3. This sexual and non-sexual misconduct was allegedly committed by at least one other child who attended the Mother Earth School. Postlewaite Decl. Ex. 2, Ex. 3.

At the time of the alleged misconduct, Defendant Mother Earth School was insured through a policy issued by Plaintiff. Postlewaite Decl. Ex. 8. This policy contains a coverage limit for abuse and molestation claims brought during the policy's period. *Id.* at 19. Specifically, the policy provides that:

> This insurance does not apply to "bodily injury", "property damage" or personal and advertising injury" arising out of the actual or threatened abuse or molestation by anyone of any person.
>
> However, subject to all other terms of the policy, this exclusion does not apply to claims against an insured for failing to prevent or stop any abuse or molestation, provided the insured did not:
>
> (1) participate in the abuse or molestation; or
> (2) remain passive upon gaining actual or constructive knowledge of the abuse or molestation.

*Id.* at 20. A claim that arises out of or is related to actual or threatened abuse or molestation that is not excluded under these terms is limited to

> $100,000 or another specified amount up to the maximum amount of $1,000,000, regardless of the number of:
>
> (1) Insureds;
> (2) Claims made or "suits" brought; or
> (3) Persons or organizations making claims or bringing "suits".

*Id.* at 19.

The policy also includes a provision explaining Plaintiff's duty to defend. This provision states, in relevant part, that Plaintiff

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

3- OPINION & ORDER

> We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which the insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

*Id.* at 3; *see also id.* at 8.

After Defendants Lemke and Moore filed suit in state court, Plaintiff filed this interpleader action in federal court. Compl., ECF 1. Plaintiff then deposited $100,000 into the court's registry. Colito Decl. Ex. A, ECF 48.

On April 5, 2019, this Court held a scheduling conference with the parties to this case. ECF 43. During this conference, the Court informed the parties that it would hear dispositive motions on Plaintiff's duty to defend, but would not hear any indemnification issue until the state court cases were resolved. Following the conference, Plaintiff filed this Motion for Summary Judgment.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

(quoting former Fed. R. Civ. P. 56(c)). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324). The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011).

## DISCUSSION

Plaintiff argues that, under the terms of the policy, the underlying state court lawsuits are limited by a provision capping Plaintiff's liability at $100,000 for all claims arising from "abuse" or "molestation." Pl. Mot. for Summ. J. 12, ECF 46. Thus, Plaintiff argues it has satisfied all coverage obligations by depositing $100,000 into the court's registry. *Id.* at 17. In other words, Plaintiff asks the Court to rule that it has "no further obligation to defend or indemnify [Mother Earth School] because it has exhausted the available limits of its policy." Pl. Reply 2, ECF 55. Given the overlap between these issues—notwithstanding the Court's direction to brief only the duty to defend—Court will address, to the extent possible, both the duty to indemnify and the duty to defend below.

State law determines the court's interpretation of insurance policies and an insurer's duty to defend and indemnify. *Larson Constr. Co. v. Or. Auto. Ins. Co.*, 450 F.2d 1193, 1195 (9th Cir. 1971); *Country Mut. Ins. Co. v. Larson*, Civil No. 08–6154–TC, 2010 WL 1039790, at *1 (D.

Or. Feb. 26, 2010) (adopted by *Country Mut. Ins. Co. v. Larson*, Civil No. 08–6154–TC, 2010 WL 1039798 (D. Or. Mar. 19, 2010)). The parties do not contest that Oregon law applies. "Under Oregon law, insurance policies must be liberally construed in favor of the insureds." *Allstate Ins. Co. v. Braukman*, 278 F. App'x 733, 734 (9th Cir. 2008) (citing *United Pac. Ins. Co. v. Truck Ins. Exchange*, 273 Or. 283 (1975)). Interpretation of an insurance policy is a question of law, and the primary goal is to ascertain the intent of the parties "based on the terms and conditions of the insurance policy." *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 469 (1992).

### I. Duty to Indemnify

An insurer's duty to indemnify arises when the insured is "liable for harm or injury that is covered by the policy." *Leach v. Scottsdale Indemn. Co.*, 261 Or. App. 234, 247 (2014) (quoting *Ledford v. Gutoski*, 319 Or. 397, 405 (1994) (en banc)). In other words, if the facts proved at trial establish the liability of the insured, the insurer's duty to indemnify will also be established as long as the insured's conduct is covered by the policy. *Charter Oak Fire Ins. Co. v. Interstate Mechanical, Inc.*, 958 F.Supp.2d 1188, 1215 (D. Or. 2013) (citing *Ledford*, 319 Or. at 403)). Indemnification liability, unlike liability for the duty to defend, "derives from factual determinations separate from the allegations in the complaint." *American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 890 (9th Cir. 2003). While a duty to defend is triggered by the allegations in a pleading, the duty to indemnify is proven by facts that establish a right to coverage. *Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or. App. 222, 227 (1996). Thus, "to determine the existence of a duty to indemnify, the court must examine the facts of the underlying lawsuit." *Scottsdale Ins. Co. v. Ortiz & Associates, Inc.*, 3:13–cv–01791–AA, 2014 WL 1883653, *2 (D. Or. May 9, 2014).

6- OPINION & ORDER

Here, Plaintiff does not argue it has no duty to indemnify Defendant Mother Earth School. Rather, it argues that Defendants Moore and Lemke's underlying claims are entirely encompassed within the "abuse and molestation" provision of the policy. This provision limits damages to $100,000 total for claims that arise out of or are related to actual or threatened abuse or molestation and are not otherwise excluded under the policy. Thus, according to Plaintiff, because it has placed $100,000 into the Court's registry, it owes no further indemnification obligations.

### a. Policy terms

The Court must first determine what acts are covered by the policy's abuse and molestation provision. The parties agree that the terms "abuse" and "molestation" are not defined by the policy itself. The parties do not agree, however, on whether those terms necessarily require intentional conduct.

Interpretation of an insurance policy is a question of law. *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 469 (1992). The primary goal is to ascertain the intent of the parties "based on the terms and conditions of the insurance policy." *Id.* Courts first examine the wording of a policy, "applying any definitions supplied by the policy itself and otherwise presuming that words have their plain, ordinary meanings." *Tualatin Valley Hous. Partners v. Truck Ins. Exch.*, 208 Or. App. 155, 159–60 (2006) (citing *Hoffman Const. Co. of Alaska*, 313 Or. at 469–70). If, at that point, the court determines there is only one plausible interpretation of the disputed term, the analysis ends there. *Id.* However, if more than one plausible interpretation of the term exists, the court analyzes the term within the context of the policy as a whole. *Id.* at 160. If the term remains ambiguous in light of the context, the court construes the policy against the drafter. *Id.*

7- OPINION & ORDER

While Oregon courts have not reviewed the terms "abuse" or "molestation" in the context of an insurance policy, the Court agrees with Defendants Moore and Lemke that, at a minimum, the plain and ordinary meanings of "abuse" and "molestation" necessarily require intentional conduct. *See Universal North America Insurance Company v. Colosi*, 2:17-cv-00113-JAD-GWF, 2018 WL 3520118, *2 (D. Nev. Mar. 27, 2018) ("'Sexual molestation' is generally understood to be an intentional, lewd or lascivious act performed by one person to another without consent. And 'physical abuse' is generally understood to be an intentional act that causes physical injury to the victim.); *Cincinnati Ins. Co. v. Hall*, No. 308002, 2013 WL 3107640 (Mich. Ct. App. June 20, 2013) (finding that the common meaning of the term abuse "necessarily connotes intentional, purposeful conduct" and that "'[a]buse or molestation' must be interpreted as implying intentional mistreatment and cannot imply mere accidental or negligent conduct."). Plaintiff has not identified any case where a court has found otherwise. Thus, the abuse or molestation provision will limit Plaintiff's liability to $100,000 only if the underlying acts of abuse and molestation acts were performed intentionally. If, however, the children who engaged in the underlying abuse and molestation did not (or were unable to) form the requisite intent, then the provision will not apply, and the limits of coverage will not be capped at $100,000.

 **b. Application**

Because the Court finds that, at a minimum, the terms "abuse" and "molestation" require intentional conduct, the question is whether the underlying state court claims encompass non-intentional conduct.

"Courts typically determine the duty to indemnify only after the underlying liability action has been completed. In that scenario, the court decides whether an insurer has a duty to indemnify its insured by looking to the evidence submitted at trial in the underlying liability case

to determine whether the judgment was based on a claim covered under the insurance policy at issue." *Charter Oak Fire Insurance Co. v. Interstate Mechanical, Inc.*, 3:10-cv-01505-PK, 2013 WL 12320351 (D. Or. May 7, 2013) (citing *Ohio Cas. Ins. Co. v. Ferrell Developments, LLC*, No. 3:10–CV–162–AC, 2011 WL 5358620, at *5 (D. Or. July 27, 2011); *Country Mut. Ins. Co. v. Larson*, No.08–6154–TC, 2010 WL 1039790, at *5 (D. Or. Feb. 26, 2010) ("As the operative complaints in the underlying state action make no reference to any act that would invoke coverage . . . and as no judgment against [the insured] has been obtained, [a motion for summary judgment] is certainly not ripe on the indemnity issue and is tantamount to a request for an advisory opinion."); *Evraz Or. Steel Mills, Inc. v. Cont'l Ins. Co.*, No. CV 08-447-JE, 2009 WL 789658, at *11 (D. Or. Mar. 20, 2009) ("At this point, the parties do not know what obligations will be assigned to [insured] in the underlying actions, or what the bases of those obligations will be. In the absence of that knowledge, it appears that resolution of many of the indemnity issues is not possible."); *Travelers Prop. Cas. Co. of Am. v. Martella*, No. CV–04–176–ST, 2004 WL 1375283, at *6 (D. Or. June 18, 2004) ("The indemnity issue must await resolution of the liability issue.").[1]

Here, the state court complaints raise allegations that could include both intentional and nonintentional conduct. For example, Defendants Moore and Lemke allege "bullying" and "harassment," as well as "unduly rough play." Unduly rough play could certainly encompass non-intentional conduct, which would then fall outside the scope of the abuse and molestation provision. While Plaintiff is correct that Defendants have not proffered evidence of this non-intentional conduct, given the Court's direction to brief only the issue of Plaintiff's duty to

---

[1] Indeed, this comports with the Court's instruction on April 5, 2019 to limit briefing to the duty to defend only.

defend, and the ongoing litigation in the underlying state case, the Court finds such a showing unnecessary at this time.[2] In other words, because the underlying liability action has not resolved, the intent of any alleged child perpetrators has not been established, and at least some allegations in the complaint outline possibly non-intentional behavior, this question of fact is unripe for determination. Only after evidence has been submitted at trial in the underlying liability case will the Court determine whether any resulting state court judgment was based on a claim covered by the abuse and molestation provision at issue. Plaintiff's motion for summary judgment on whether it has extinguished its duty to indemnify Defendant Mother Earth School by placing $100,000 into the court's registry is therefore denied.

**II.     Duty to Defend**

Under Oregon law, the duty to defend is distinct from, and broader than, the duty to indemnify under the terms of an insurance policy. *Ledford v. Gutoski*, 319 Or. 397, 403 (1994); *Fireman's Fund Inc. Co. v. Ed Niemi Oil Co., Inc.*, No. CV 03–25–MO, 2005 WL 3050460, at *1 (D. Or. Nov. 9, 2005). Here, Plaintiff does not argue it has no duty to defend Mother Earth School. Instead, Plaintiff again argues that it has *extinguished* its duty to defend by depositing $100,000 into the court's registry.

Not only is there an outstanding question of fact as to whether Defendants Lemke and Moore may recover more than $100,000 total, the policy provides, in relevant part, that the "right and duty to defend ends when [Plaintiff] ha[s] used up the applicable limit of insurance in the

---

[2] Defendants Moore and Lemke also appear to argue that the children who committed the alleged abuse and molestation are incapable of forming an intent to commit an intentional tort as a matter of law. Without further argument on the issue of abuse and molestation specifically, the Court cannot agree. *See Friedrich v. Adesman*, 146 Or. App. 624 (1997) (plaintiff could bring claim of battery, an intentional tort, against children ages five and six).

10- OPINION & ORDER

payment of judgments or settlements[.]" Postlewaite Decl. Ex. 8 at 3. Plaintiff does not argue that "judgment" or "settlement" are ambiguous terms, subject to more than one plausible interpretation. Instead, Plaintiff argues that payment of a sum into the court's registry "is tantamount to settlement," therefore extinguishing Plaintiff's duty to defend. Pl. Reply 8, ECF 55. Plaintiff provides no relevant authority to support this argument.

The policy does not define "judgment" or "settlement." When a policy does not define a particular term, a court may look to dictionary definitions to ascertain the term's plain meaning. *Colony Ins. Co. v. Victory Constr. LLC*, 239 F. Supp. 3d 1279, 1285 (D. Or. 2017) (citing *Ortiz v. State Farm Fire & Cas. Co.*, 244 Or. App. 355, 360 (2011)). Black's Law Dictionary defines "judgment" as "[a] court's final determination of the rights and obligations of the parties in a case." *Judgment*, *Black's Law Dictionary* (11th ed. 2019). The term "settlement" is defined as "[a]n agreement ending a dispute or lawsuit." *Settlement*, *Black's Law Dictionary* (11th ed. 2019).

Under these definitions, Plaintiff's payment of $100,000 into the court's registry is not a payment of judgment or settlement. Even ignoring the outstanding question of fact as to whether Defendants Lemke and Moore may recover more than $100,000 total, Plaintiff has offered no additional proof of judgment or settlement. Thus, Plaintiff's duty to defend Defendant Mother Earth School remains active at this time.

//
//
//
//
//

11- OPINION & ORDER

## CONCLUSION

Plaintiff's Motion for Summary Judgment [46] is DENIED.

IT IS SO ORDERED.

Dated this 31 day of Oct 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge